IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: BILLY JOE BROWN, JR., | * | |
| | * | |
| Debtor, | * | CHAPTER 13 |
| | * | CASE NO. 09-43869-WSS-13 |
| | * | |
| BILLY JOE BROWN JR., | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | ADV. PROC. NO. 09-01091 |
| AMERICAN HOME MORTGAGE | * | |
| SERVICING, INC., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

This matter is before the Court on the defendant's "Answer and 12(b)(6) Motion to Dismiss". The facts herein are largely disputed. Plaintiff was granted a Chapter 7 discharge on or about November 6, 2007 by this Court in Case No. 06-11008. It is undisputed that the defendant's debt was discharged in the debtor's prior Chapter 7 proceeding and not reaffirmed. He filed the present Chapter 13 case on June 22, 2009. His Chapter 13 Plan, as presently proposed, would pay the value the defendant the value of its lien over 5 years. This adversary proceeding seeks determine the value and extent of Defendant's lien. Such a determination will aid the Court in ruling on confirmation of the Debtor's Plan.

The defendant, American Home Mortgage Servicing, Inc.,[1] claims that the "plaintiff's complaint requests an impermissible modification of defendant's claim" citing as authority *Nobelman v. American Savings Bank, et. al.*, 508 U.S. 324 (1993). (Doc. 6 ¶ 2)[2] Contrary to the

---

[1] Plaintiff disputes that defendant is an assignee of the debt at issue has any standing herein to appear. An objection to its claim on that and other grounds is currently pending. See Doc. 17 in the debtor's main case.

[2] Paradoxically in its prayer for relief the defendant "requests evaluation of the subject property to determine the extent to which defendant's claim is secured".

1

defendant's assertion in its answer and motion to dismiss' the instant adversary proceeding seeks to determine the value of the subject property. "It [is] permissible for petitioners to seek a valuation in proposing a Chapter 13 plan, since Section 506(a) states that 'such value shall be determined… in conjunction with any hearing… on a plan affecting such creditor's interests.'" *Nobelman*, 508 U.S. at 328 (1993).

11 U.S.C. § 524(a)(2) prohibits the defendant from recovering any debt as a personal liability of the debtor herein after the debt has been discharged. Section 1322(b)(2) of the Bankruptcy Code states in pertinent part as follows "The plan may – modify the rights of holders of secured claims, other than the claim secured only by a security interest in real property that is the debtor's principal residence[.]" Some of these rights which are protected by § 1322(b) were set out by the Supreme Court in the *Nobelman* case.

> They include the right to repayment of the principal in monthly installments over a fixed term at specified adjustable rates of interest, the right to retain the lien until the debt is paid off, the right to accelerate the loan upon default and to proceed against petitioners' residence by foreclosure and public sale, and the right to bring an action to recover any deficiency remaining after foreclosure. See Record 135-140 (deed of trust); id., at 147-151 (promissory note); Tex. Prop. Code Ann. §§ 51.002-51.005 (Supp. 1993). These are the rights that were "bargained for by the mortgagor and the mortgagee," *Dewsnup v. Timm,* 502 U.S. 410, 417, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992), and are rights protected from modification by § 1322(b)(2).

*Nobelman v. American Sav. Bank,* 508 U.S. 324, 329-330 (U.S. 1993)

The debtor herein is not seeking to modify the defendant's rights. After the debt was discharged, the defendant only has the right to retain its lien and foreclose. Its other rights were extinguished by the debtor's Chapter 7 discharge.

In *Johnson v. Home State Bank*, 501 U.S. 78 the U.S. Supreme Court found that it was permissible, in a Chapter 13 case, to include a mortgage lien securing an obligation for which the debtor's personal liability was previously discharged. "Insofar as the mortgage interest that

2

Case 09-01091    Doc 22    Filed 12/09/09    Entered 12/09/09 18:23:10    Desc Main
Document      Page 2 of 4

passes through a Chapter 7 liquidation is enforceable only against the debtor's property, this interest has the same properties as a non-recourse loan. It is true, as the Court of Appeals noted, that the debtor and creditor in such a case did not conceive of their credit agreement as a non-recourse loan when they entered it. However, insofar as Congress did not expressly limit Section 102(2) to non-recourse loans but rather chose general language broad enough to encompass such obligations, we understand Congress' intent to be that Section 102(2) extends to all interests having the relevant attributes of non-recourse obligations regardless of how these interests come into existence." *Johnson*, 501 U.S. at 86-87.

The scenario here is similar to that found in *In re Hutcherson,* 186 B. R. 546. In *Hutcherson*, a creditor held a mortgage upon a residence owned by the Debtor's mother. The Debtor's mother died, leaving a 1/4 interest in the mortgaged property passed to the Debtor. Hutcherson filed Chapter 13 case shortly thereafter. At the time of the Debtor's filing, approximately $9,146.00 remained outstanding on the mortgage and the property itself had market value of about $16,000.00. Applying the reasoning in *Johnson*, the *Hutcherson* court found that the bank's claim was includable in t a chapter 13 plan saying:

> Thus, in the course of its *Johnson* holding, the Supreme Court flatly eschewed the sort of factual distinctions upon which the Bank now urges the Court to embark. As a consequence, the Court finds itself bound to apply the *Johnson* reasoning to the case before it, notwithstanding the fact that the two cases did not arrive at their common controversy through the same chain of events.

*In re Hutcherson,* 186 B. R. 546, 550 (Bankr. N.D. Ga. 1995)

## CONCLUSION

For the reasons stated herein, the court should allow the debtor to present evidence of the value of the real property at issue.

     /S_____
Earl P. Underwood, Jr.
Attorney for Billy Brown
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
Fairhope, AL 36532
Telephone: 251-990-5558
Facsimile: 251-990-0626
Email: epunderwood@gmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed a copy of the above and foregoing pleading upon the following using the Court's ECF system which will serve all parties in interest.

     /S_____
Earl P. Underwood, Jr.